Brockenbrough, J.
stated the ease, and delivered the opinion of the Court.
An Information was filed (founded on a previous presentment of a Grand Jury) by the Attorney for the Commonwealth, in the Superior Court of Law for the County of Bedford, in April, 1822, against the defendant, charging him with having intermarried with Huida Hackworth, the sister of Polly Hackworth, his deceased wife, contrary to law. 1 Revised Code, p. 399, sec. 17. The case came on for trial in September, 1823, and the defendant was convicted by the jury. No process was taken out *658 against the female, nor was she in any manner before the C°urt' The defendant Leftwich moved the Court to arrest the judgment on the ground, that according to the act Assembly, the judgment of the Court upon the verdict 0f t¡le jury is a judgment of separation, by which Huida Hachworth, who was not before the Court, and who had not had the benefit of a trial by jury, would be affected. The Court thereupon adjourned to thie Court the question, whether the Court should proceed to render judgment against the defendant in this case, and what judgment ?
It has now become unnecessary to decide the question propounded by the Circuit Court; because, by the act of the last session of the General Assembly, ch. 22, the punishment for a man’s marrying his deceased wife’s sister, is changed. Instead of the separation of the parties, as provided by the former law, it is now enacted, that the parties shall be punished by fine or imprisonment, or both, at the discretion of the jury; and all acts and parts of acts coming within the purview of the act, are repealed; nor is there any proviso, that offences under the former law shall still be punished under it. The consequence is, that according to the uniform decisions of this Court,'* all offenders under the former law, so far as they were guilty of forming this connection, (that is, of the man’s marrying the deceased wife’s sister,) are excused from all punishment whatever.
The following is to be entered as the judgment of the Court.
This Court is unanimously of opinion, and doth decide, that by virtue of the act passed March 2, 1827, entitled, “an act to alter and amend the act, entitled, ‘an act to reduce into one, the several acts to regulate the solemnization of marriages; prohibiting such as are incestuous, or otherwise unlawful; to prevent forcible and stolen mar- *659 ¿■¿ages, and for the punishment of the crime of bigamy,” whereby the punishment prescribed for the offence of a man’s marrying his deceased wife’s sister by former laws, is changed, and all former acts coming within the purview of the said act, are repealed, there is now no law in force, by which the said Jlugustine Leftwic/i can he punished; and that, therefore, no judgment can now be rendered against the defendant in this case; which is ordered to be certified.

 Scutt’s Case, 2 Virginia Cases, 54; Attoo’s Case, Ib. 382.